UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GUVEN UZUN,<br><br>                    Plaintiff,<br><br>          v.<br><br>MEDICAL BOARD OF CALIFORNIA, et al.,<br><br>                    Defendants. | Case No.  26-cv-01023-PCP<br><br>**ORDER TRANSFERRING CASE**<br>Re: Dkt. No. 3 |

Pro se plaintiff Guven Uzun moves for a preliminary injunction to reinstate his medical and surgical license for the duration of his action. Dkt. No. 3. On February 9, 2026, the Court issued an order to show cause as to why Uzun's suit should not be dismissed or transferred to the United States District Court for the Central District of California for improper venue. Dkt. No. 9. Uzun responded. Dkt. No. 12. The Court concludes that venue is improper and transfers this action to the Central District of California.

A plaintiff may bring a civil action in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Uzun has not adequately alleged venue because most if not all of the events giving rise to his claims occurred outside of the Northern District of California. Uzun alleges that officers of the Santa Monica Police used excessive force on him. And Uzun alleges that various officials and

attorneys in the Los Angeles area committed civil wrongs against him relating to his medical license and practice, based in Beverly Hills. Nowhere in Uzun's complaint does he allege events occurring in the Northern District of California.

Uzun argues that venue is proper under 28 U.S.C. § 1391(b)(2) because he "continues to suffer" harm in the Northern District of California; he "prepared, filed, and litigates this case from Northern California;" and the "ongoing constitutional and economic harm occurs here." Uzun says that he "is living with his girlfriend in San Jose and getting emotional support from her" and also "prosecutes this action here."

The problem with Uzun's argument is that they do not establish that the actual "events or omissions giving rise to the claim occurred" in Northern California. In assessing venue, "the locus of injury [is] a relevant factor." *Myers v. Bennett L. Offs.*, 238 F.3d 1068, 1076 (9th Cir. 2001). But Uzun does not argue that he experienced his initial injuries in the Northern District of California, only that he *continues* to experience his injury here because he chose to move to the District. His injury was caused by events occurring in, and initially suffered in, the Los Angeles area, indicating that the Northern District of California is an improper venue for Uzun's suit.

While Uzun's suit includes allegations about certain officials now serving on the United States District Court for the Central District of California, that alone is insufficient to make venue here proper. Federal law provides procedures for handling any potential conflicts of interest. *See* 28 U.S.C. § 144.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, the interests of injustice favor transfer rather than dismissal. Accordingly, the Court transfers this case to the U.S. District Court for the Central District of California. Uzun's motion for preliminary injunction, Dkt. No. 11, will be considered by the transfer court in the first instance.

**IT IS SO ORDERED.**

United States District Court
Northern District of California

Dated: February 24, 2026

P. Casey Pitts
United States District Judge